(872 P.2d 312)
No. 69,830

STATE OF KANSAS, *Appellee,* v. FRANCISCO SEGOVIA, *Appellant.*
Petition for review denied 255 Kan. 1006 (1994).

Opinion filed April 15, 1994.

*Reid T. Nelson,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Dennis C. Jones,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before BRAZIL, P.J., LEWIS and PIERRON, JJ.

BRAZIL, J.: Francisco Segovia pled guilty to one count of driving while under the influence in violation of K.S.A. 8-1567, an unclassified misdemeanor, and one count of operating a motor vehicle while a habitual violator in violation of K.S.A. 8-287, a class E felony. Segovia was sentenced to one year in the county jail and fined a mandatory minimum of $1,000 on the misdemeanor charge and sentenced to one to two years in prison on the felony charge. The sentences were to run concurrently, and the court granted probation. The probation was revoked, and Segovia appeals the sentence imposed for the habitual violator violation and the fine.

Segovia contends the district erred in failing to consider the K.S.A. 1993 Supp. 21-4606b presumption of assignment to community corrections.

K.S.A. 1993 Supp. 21-4606a states: "If the presumptive sentence [probation] provided by this section is *not* imposed, the provisions of K.S.A. 1993 Supp. 21-4606b [presumptive sentence of assignment to community corrections] . . . shall apply." (Em-

phasis added.) Considering that the trial court granted probation to Segovia, the plain language of 21-4606a clearly provides that 21-4606b does not apply.

Segovia also contends the district court abused its discretion in imposing a $1,000 fine without making the findings required by K.S.A. 21-4607.

K.S.A. 8-1567(f) provides for a fine of "not less than $1,000." In *State v. Shuster*, 17 Kan. App. 2d 8, 9, 829 P.2d 925 (1992), this court stated:

"Mandatory fines, such as the fines for driving while under the influence in violation of K.S.A 8-1567, are fines that are mandatory which 'shall' be imposed along with set ranges of confinement.

. . . .

" . . . If the judge, in his or her discretion, imposes a fine exceeding the mandatory minimum, the K.S.A. 21-4607 criteria must be taken into consideration."

The trial court did not err in assessing the minimum required fine without considering K.S.A. 21-4607.

Affirmed.