NOT DESIGNATED FOR PUBLICATION

No. 119,642

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PABLO R. MONTES, a/k/a CARLOS JAVIER ROMERO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed March 1, 2019. Fine vacated and case remanded with directions.

*Caroline M. Zuscheck*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, senior assistant district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: Pablo Montes, a/k/a Carlos Javier Romero, appeals the mandatory minimum $1,750 fine the district court imposed for his third DUI conviction. He argues the district court erred by failing to consider whether community service would be an appropriate method to pay off the fine due to his financial circumstances and the burden the fine would impose. We agree. Accordingly, we vacate the $1,750 fine and remand for the district court's consideration of the method of repayment.

1

Montes pled guilty in Reno County to DUI for the third time—a felony. The district court accepted his plea and sentenced him to 12 months in jail, with release to community corrections permitted after 6 months. The court imposed the statutory minimum $1,750 fine for a DUI but waived attorney fees, noting "it's clear there's no way we're ever going to get the BIDS fees paid." See K.S.A. 2017 Supp. 8-1567(b)(1)(D). Montes was already in the Sedgwick County jail serving another sentence. The court ordered this sentence to be served concurrently. At the sentencing hearing, Montes' attorney asked that he be transferred to Colorado once he was on probation because he had a job there. The court permitted such transfer. Montes also noted that he was on an Immigration and Customs Enforcement hold and did not know what was going to happen to him after he served his jail sentence. On the journal entry, the court checked a box indicating that it had considered Montes' financial resources and the burden imposed by the BIDS fees under K.S.A. 22-4513 and *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006).

On appeal, Montes argues that the district court committed reversible error by failing to consider his financial circumstances and the burden that the $1,750 fine would impose, and whether he could work off the fine through community service. He did not ask for community service before the district court and instead raises this issue for the first time on appeal.

Indeed, a minimum fine of $1,750 is mandatory for a third conviction for DUI. K.S.A. 2017 Supp. 8-1567(b)(1)(D). In lieu of payment of the fine, however, "the court may order that the person perform community service specified by the court" provided that community service can be performed "not later than one year after the fine is imposed." The defendant receives a $5 credit on the fine for every hour of community service. K.S.A. 2017 Supp. 8-1567(f).

2

Our Supreme Court has ruled that a district court must take into account the defendant's financial resources and the burden of the fine when considering the method of payment of a fine for a DUI offense, i.e., whether the defendant must pay a monetary fine or provide community service under K.S.A. 8-1567. See *State v. Copes*, 290 Kan. 209, 222-23, 224 P.3d 571 (2010). The *Copes* court construed K.S.A. 2009 Supp. 8-1567 with K.S.A. 21-4607(3) (now codified at 2017 Supp. K.S.A. 21-6612[c]), which provided that, "In determining the amount *and method* of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose." (Emphasis added.) 290 Kan. at 218-23.

The court does not need to consider the defendant's financial circumstances or the burden imposed by the fine if the defendant was sentenced to a term of incarceration that cannot be completed in less than a year. This is because the statute requires that the community service be performed within a year. *State v. Grebe*, 46 Kan. App. 2d 741, 744-45, 264 P.3d 511 (2011). A defendant can, in a plea agreement, waive his or her statutory right to have the district court make such findings, but there must be an intentional relinquishment of a known right. See *Copes*, 290 Kan. at 217-218.

Montes raises an issue of statutory interpretation which is a question of law over which we have unlimited review. Because a question of law is presented, we can consider his argument even though he did not raise the issue before the district court. See *Copes*, 290 Kan. at 213.

Here, Montes was to serve 6 months in jail. While the district court apparently considered Montes' financial circumstances and burden in relation to the BIDS fee, the court did not consider those things with regard to the method of payment of the $1,750 fine. Therefore, the district court erred.

We note that while this appeal was pending, the State moved to dismiss contending that Montes had been deported to Mexico and the doctrine of fugitive disentitlement should apply. The fugitive disentitlement doctrine is a means of dismissing an appeal "when a criminal defendant has chosen to thwart the appellate process by absconding from the jurisdiction of the courts." *State v. Raiburn*, 289 Kan. 319, Syl. ¶ 1, 212 P.3d 1029 (2009). This court's power to dismiss the appeal is discretionary. 289 Kan. 319, Syl. ¶ 2. The State's motion cites a deportation document that was supposed to be an attachment to the motion, but the document was not actually attached. In response, Montes' attorney noted that whether Montes has been deported is not contained in the record and argued that involuntary deportation is not a choice and, therefore, Montes would not be a fugitive under the doctrine if he was deported.

We do not have sufficient information to determine whether Montes has been deported or is a fugitive. That is a fact that the district court will have to find on remand. See *Raiburn*, 289 Kan. at 332. If Montes has been deported, then whether the doctrine of fugitive disentitlement applies is likely beside the point because Montes would not be able to perform community service anyway.

Additionally, the State argues that Montes invited the error because he agreed to pay the mandatory fine as part of the plea agreement and his immigration hold would complicate his ability to perform community service.

The record does not support the State's argument that Montes invited the error by agreeing to pay a monetary fine in the plea agreement. A written plea agreement is not in the record. The State points to a transcript where Montes' attorney stated the plea agreement "was an agreement for the minimums, minimum time, minimum costs." Montes agrees that the plea agreement for was for the minimum fine, but argues the plea agreement was silent on the method of repaying the fine, i.e., whether he had to pay a monetary fine or work off the amount through community service. Without an explicit

4

waiver of his right to have the district court consider his financial resources and the burden that payment of the fine would impose, we cannot say that Montes invited the error.

Obviously, Montes' immigration hold and/or deportation complicates his ability to perform community service. But that is something that the district court will have to consider and make findings about on remand. We vacate the $1,750 fine and remand to the district court for consideration of whether the alternative method of payment set out in K.S.A. 2017 Supp. 8-1567(f) would be appropriate.