NOT DESIGNATED FOR PUBLICATION

No. 120,406

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RODNEY DEE CAMPBELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; SCOTT E. MCPHERSON, judge. Opinion filed September 20, 2019. Vacated and remanded with directions.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Douglas A. Matthews*, assistant county attorney, *M. Levi Morris*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., LEBEN, J., and WALKER, S.J.

LEBEN, J.:  Rodney Dee Campbell appeals the district court's imposition of Board of Indigents' Defense Services (BIDS) attorney fees totaling $975. He claims that the district court didn't properly consider his financial resources and the burden that imposing the attorney fees would create as required by K.S.A. 22-4513(b) and *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006).

We agree. In *Robinson*, 281 Kan. at 546, our Supreme Court said that the sentencing court must explicitly consider the financial resources of the defendant and the

burden that payment will impose. The court also must state on the record how it has weighed those factors in arriving at its assessment of attorney fees. The district court didn't do that here, so we must vacate Campbell's attorney fees and send the case back for further consideration of this issue.

FACTUAL AND PROCEDURAL BACKGROUND

Campbell pleaded no contest to one count of failing to stop and remain at the scene of an accident resulting in death. The plea agreement, which Campbell, the State's attorney, and Campbell's court-appointed attorney signed, said that "[t]he defendant agrees to pay, as provided by law . . . court-appointed attorney fees not to exceed the reimbursable cap of $975.00 . . . ." At sentencing, the district court sentenced Campbell to 36 months in prison and ordered that he pay $975 for attorney fees.

Campbell appealed to our court, arguing that the district court didn't follow proper procedures in assessing the attorney fees.

ANALYSIS

Campbell argues that the district court didn't comply with K.S.A. 22-4513(b) and *Robinson* before assessing the attorney fees. To rule on his claim, we must interpret a statute, something we do independently, without any required deference to the district court. *Robinson*, 281 Kan. at 539; *State v. Hendricks*, 52 Kan. App. 2d 737, 739, 372 P.3d 437 (2016).

Under K.S.A. 22-4513(b), when a district court determines the amount and method of payment of BIDS attorney fees, "the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." In *Robinson*, the Kansas Supreme Court interpreted the statute to mean that

2

when a sentencing court assesses BIDS attorney fees, the court "must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision." 281 Kan. at 546. The court said that doing so is mandatory and that "[w]ithout an adequate record on these points, meaningful appellate review of whether the court abused its discretion in setting the amount and method of payment of the fees would be impossible." 281 Kan. at 546. The court has reaffirmed these requirements in two recent cases, *State v. Garcia-Garcia*, 309 Kan. 801, Syl. ¶ 8, 441 P.3d 52 (2019); and *State v. Ayers*, 309 Kan. 162, Syl. ¶ 1, 432 P.3d 663 (2019).

At Campbell's sentencing hearing, the district judge asked Campbell's attorney, Heather Helvie, how much her attorney fees would be. She responded that they would "be over the cap" of $975. The judge then ordered Campbell to pay that amount, $975— but without any discussion of Campbell's financial resources or the burden that imposing the fees would create.

The State agrees that the district court never discussed Campbell's ability to pay the attorney fees. But it argues that Campbell waived his protections under K.S.A. 22-4513(b) and *Robinson* in his plea agreement with the State.

It's true that a defendant can waive rights in a plea agreement, including statutory ones like those provided in K.S.A. 22-4513(b). A defendant can even waive constititutional rights. But a waiver is the intentional relinquishment of a known right. See *State v. Copes*, 290 Kan. 209, 211, 216-17, 224 P.3d 571 (2010). To waive the protection provided by K.S.A. 22-4513(b), a defendant's waiver must be knowing, voluntary, and informed. 290 Kan. at 217.

With that overview, let's consider the factual setting of *Copes*, where our Supreme Court found no waiver. The *Copes* court explained that while Copes' plea agreement did

3

explicitly waive some rights, it made "no mention of attorney fees or the district court's obligation to consider Copes' financial resources or the burden the fees would impose." 290 Kan. at 217. Since "the agreement to waive rights under K.S.A. 22-4513(b) and the fee amount. . . [were] missing from the contract," the *Copes* court found that there was no indication that Copes intentionally gave up his rights under K.S.A. 22-4513(b). 290 Kan. at 217-18.

The facts here are similar to those in *Copes*. As in *Copes*, Campbell's plea agreement didn't specify an exact amount of BIDS attorney fees that Campbell would have to pay. See 290 Kan. at 215. Instead, in the plea agreement, Campbell agreed to pay "court-appointed attorney fees not to exceed the reimbursable cap of $975." But agreeing to pay an unspecified amount *up to* $975 is not the same as agreeing to pay *exactly* $975.

As in *Copes*, Campbell's plea agreement contained explicit waivers of some of his rights, including his right to go to trial, to present evidence on his own behalf, and to testify on his behalf. But it didn't include any indication that he knew of his rights under K.S.A. 22-4513(b) and *Robinson*—or that he had waived them.

The State also notes Campbell's acknowledgment at his plea hearing that he was going to have to pay restitution in the case along with his explanation that "he ha[d] a job [and] had worked there for five years" and he "plan[ned] on getting back to work." The State argues that these statements should suffice for the required discussion and inquiry on Campbell's ability to pay the BIDS attorney fees. But these comments came up when the State and Campbell's attorney were discussing Campbell's bond—not BIDS fees. That conversation with the court can't substitute for the inquiry required by *Robinson*. Nor do they show that Campbell knew about his *Robinson* rights and agreed to waive them.

In short, neither the written plea agreement nor the transcripts from Campbell's plea and sentencing hearings show that Campbell intentionally waived these rights.

4

Without a waiver, the district court had to comply with K.S.A. 22-4513(b) and *Robinson*; it failed to do so. We therefore vacate the assessment of $975 in attorney fees and remand the case to the district court for reconsideration of that assessment.