NOT DESIGNATED FOR PUBLICATION

No. 122,157

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ASHLEE NICOLE SWINK,
*Appellant*.


MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed August 7, 2020. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Douglas A. Matthews*, assistant county attorney, *M. Levi Morris*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL and WARNER, JJ.

PER CURIAM: Ashlee Nicole Swink pled guilty to one count of felony theft and one count of felony counterfeiting currency. The district court sentenced Swink to 29 months in prison but granted a downward dispositional departure to a 24-month probation term. After a colloquy between the district court and Swink, she was ordered to pay $825 in Board of Indigents' Defense Services (BIDS) attorney fees as a condition of her probation.

Swink raises two issues on appeal. First, she contends the district court erred in imposing BIDS attorney fees without engaging in the analysis required by K.S.A. 22-4513 and articulated in *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006). Second, for the first time on appeal, Swink asserts the district court's findings regarding her prior convictions which enhanced her sentence violated her right to a jury trial under § 5 of the Kansas Constitution Bill of Rights.

Upon our review, we hold the district court made a sufficient inquiry and finding regarding Swink's financial resources and the nature of the burden that payment of BIDS attorney fees would have on her. Regarding the second issue relating to § 5 of our Kansas Constitution Bill of Rights, we find this issue was not preserved in the district court, and Swink has failed to show an exception applies to justify our review for the first time on appeal. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2019, Swink was charged with one count of felony theft, two counts of felony counterfeiting currency, one count of felony possession of a controlled substance, four counts of misdemeanor theft, one count of misdemeanor possession of marijuana, and one count of misdemeanor possession of drug paraphernalia. The charges were the result of a Great Bend Police Department investigation into the theft of a rental car from Detroit, Michigan.

On June 27, 2019, in keeping with a plea agreement, Swink pled guilty to one count of felony theft and one count of felony counterfeiting currency. The remaining charges were dismissed. The district court accepted Swink's pleas and found her guilty.

At the time Swink entered her pleas, the presentence investigation (PSI) report indicated that she had two prior felony convictions in California that were comparable to

Kansas offenses and were scored as person felonies. This calculation resulted in a criminal history score of B. Before sentencing, Swink objected to the criminal history score, arguing that the California convictions should not have been scored as person felonies in Kansas. Swink also filed a motion for a dispositional departure to probation.

At sentencing on October 11, 2019, the district court considered the parties' arguments relating to Swink's criminal history score and determined that the score of B was correct. Swink was sentenced to concurrent sentences of 29 months' imprisonment for felony theft and 8 months' imprisonment for counterfeiting. The district court granted Swink's motion for a dispositional departure and imposed a 24-month probation term. The district court ordered that Swink reimburse $825 in BIDS attorney fees as a condition of probation.

In considering reimbursement of BIDS attorney fees, the district court engaged in the following discussion with Swink:

"THE COURT:  Let me ask you then, Ms. Swink, do you think you have the ability to pay back at least up to [$]825 throughout the term of your probation?

"THE DEFENDANT:  Throughout the 24 months?

"THE COURT:  Uh-huh.

"THE DEFENDANT:  Yeah, I mean, I can make payments on it.

"THE COURT:  Okay. Well, all of your fee[s]—everything I have assessed today, including the attorney's fees, will go into kind of a big pot. Then you're going to end up trying to—probation is going to give you some kind of a plan so that you can pay that off.

"THE DEFENDANT:  Okay.

"THE COURT:  Within the term of your probation. So that's one of the things that they will review with you. But do you have the ability to work?

"THE DEFENDANT:  Yes, ma'am.

"THE COURT:  Okay.

"THE DEFENDANT: I mean, I'm seven months pregnant right now, so having a baby soon, but—so I'm going to be taking a few months off when I have my child.

"THE COURT: Right.

"THE DEFENDANT: Other than that, yeah, I work 40 hours a week.

"THE COURT: Okay. All right. Then I will go ahead and assess reimbursement for the attorney's fees up to that cap. . . ."

Swink appeals.

## REIMBURSEMENT OF BIDS ATTORNEY FEES

Swink contends that in imposing reimbursement of the BIDS attorney fees, the district court failed to meaningfully consider her financial resources or the nature of the burden repaying those fees would have on her. She also claims the district court failed to indicate how it weighed the reimbursement matter. She asks us to reverse the ruling, vacate the BIDS order, and remand to the district court for reconsideration. On the other hand, the State argues that the district court engaged in a sufficient colloquy to meet the requirements of K.S.A. 22-4513 and *Robinson*. This issue raises a question of law over which our court has unlimited review. *State v. Ayers*, 309 Kan. 162, 163, 432 P.3d 663 (2019).

The relevant Kansas statute provides: "In determining the amount and method of payment of [BIDS fees], the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." K.S.A. 22-4513(b). The district court must weigh a defendant's financial resources and the burden of the fee on the record at the time the fees are assessed. *State v. Copes*, 290 Kan. 209, Syl. ¶ 2, 224 P.3d 571 (2010); *Robinson*, 281 Kan. at 546.

As shown by the colloquy between the district court and Swink, the court specifically inquired into Swink's ability to reimburse the BIDS attorney fees by making

monthly payments over a two-year probation term. In response, Swink acknowledged that she had the financial ability to reimburse the BIDS fees by making periodic payments over the term of her probation. The district court explained to Swink that these fees would be an additional burden to her given the other financial obligations of probation. In response, Swink acknowledged that she was willing and able to work in order to reimburse the BIDS attorney fees. In fact, she was currently working 40 hours a week while pregnant. In this regard, Swink explained to the district court that she was going to miss work for a few months after the birth of her baby but then resume regular employment. Swink's attorney confirmed that she was currently residing in the community and was "gainfully employed."

In the colloquy with Swink, the district court weighed her financial resources—best exemplified by her current full-time, gainful employment—with an explanation of the burdens associated with not only the reimbursement of BIDS attorney fees but other costs of probation as well. In response to the district court's questions, Swink repeatedly assured the district court that she was willing and capable of reimbursing the BIDS attorney fees, taking into consideration her pregnancy. All things considered, we are persuaded this colloquy was sufficient for purposes of K.S.A. 22-4513 and *Robinson*. We find no reversible error.

CONSTITUTIONALITY OF JUDICIAL FACT-FINDING AT SENTENCING

Next, Swink contends, for the first time on appeal, that the district court's use of judicial findings of prior convictions to sentence her under the Kansas Sentencing Guidelines Act (KSGA) violates § 5 of the Kansas Constitution Bill of Rights. In particular, she argues that "[p]rior to Kansas' statehood, American common law required any fact which increased the permissive penalty for a crime—inclusive of an offender's prior criminal convictions—to be proven to a jury beyond a reasonable doubt." As a result, she argues that "the sentencing scheme set out by the KSGA—in which judicial

5

findings of criminal history elevate an accused's presumptive prison sentence—is unconstitutional."

For its part, the State objects to our consideration of this issue because it was not raised in the district court and, therefore, was not preserved for appeal. Additionally, the State notes that our court has considered Swink's constitutional argument previously and ruled against her legal position.

Swink concedes that she failed to raise this constitutional claim of error at the district court level. Generally, issues not raised before the district court may not be raised on appeal. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). However, there are exceptions to this rule. An appellate court may consider an issue not raised in the district court if: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case, (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights, and (3) the district court's judgment was right for the wrong reason. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Swink claims the first and second exceptions apply in this case to justify appellate review. We will review the exceptions individually.

Swink asserts the first exception applies because she is raising a claim that the KSGA is facially unconstitutional, regardless of the facts of her sentencing, and, therefore, she presents a purely legal challenge. Assuming this is true, however, Swink does not favor us with an explanation of how our holding declaring the KSGA unconstitutional would be finally determinative of the case. See 299 Kan. at 493. As the State observes, "if this Court agreed with the defendant, her criminal history would be ripe for presentation to a jury on remand." The State makes a good point.

Moreover, Swink specifically asks our court to alternatively "remand Ms. Swink's case for resentencing with an 'I' criminal history score, or for a jury trial on the existence

6

of her prior convictions." As Swink's claim for relief makes clear, should she prevail on appeal of this constitutional issue, the case would not be finally determined but remanded for further sentencing proceedings. These proceedings could involve the exclusion of Swink's prior crimes or impaneling a jury to determine her prior crimes at sentencing. In short, Swink has not shown that our consideration of this constitutional issue would finally determine the case. The first exception does not apply.

Regarding the second exception, Swink asserts that because the right to trial is a basic and fundamental feature of American jurisprudence, appellate review is necessary "to guard against infringements to a fundamental right."

While we share Swink's belief in the importance of the constitutional right to a fair trial, we do not agree that it is necessary for us to review her claim because our court has extensively addressed and decided this issue adversely to Swink's position on numerous occasions. Indeed, we have consistently found that the KSGA—more specifically, judicial prior-conviction findings—does not violate § 5 of the Kansas Constitution Bill of Rights. See, e.g., *State v. Spencer*, No. 120,902, 2020 WL 2296953, at *5-6 (Kan. App. 2020) (unpublished opinion) (rejecting an identical challenge and specifically finding that defendant waived his right to a jury trial and thus could not argue his right to a jury trial was violated), *petition for rev. filed* May 29, 2020; *State v. Billoups*, No. 120,040, 2020 WL 1969356, at *17-20 (Kan. App. 2020) (unpublished opinion) (rejecting an identical challenge), *petition for rev. filed* May 20, 2020; *State v. Brown*, No. 120,590, 2020 WL 1897361, at *7-8 (Kan. App. 2020) (unpublished opinion) (rejecting an identical challenge), *petition for rev. filed* May 18, 2020; *State v. Albano*, 120,767, 2020 WL 1814326, at *6-11 (Kan. App. 2020) (unpublished opinion) (considering at length an identical challenge under section 5 and finding that because the right to a jury trial under section 5 is not broader than the federal right to a jury trial, KSGA does not run afoul of section 5), *petition for rev. filed* May 6, 2020.

While Swink contests our court's adverse holdings, her arguments regarding this constitutional issue are mirror-images of arguments our court has previously considered and resolved against other criminal defendants who have advocated a similar legal position. As a result, we are not persuaded that yet another review of this issue "is necessary to serve the ends of justice or to prevent the denial of fundamental rights." See *Phillips*, 299 Kan. at 493.

Of course, even if an exception would support a decision to review a new claim on appeal, we have no obligation to do so. *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017). Still, under these circumstances, we conclude that Swink has failed to show that either exception justifies our review of this constitutional issue. Accordingly, we invoke the general rule that constitutional issues may not be raised for the first time on appeal and decline review. See *Daniel*, 307 Kan. at 430.

Affirmed.