(247 P.3d 220)
No. 103,343

STATE OF KANSAS, *Appellee*, v. CHARLES RAYMOND CUMMINGS, III, *Appellant*.

Opinion filed March 4, 2011.

*Matthew J. Edge*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Steve Six*, attorney general, for appellee.

Before GREENE, C.J., BUSER and ATCHESON, JJ.

GREENE, C.J.: Charles Raymond Cummings, III, appeals the district court's order to reimburse his Board of Indigents' Defense Services (BIDS) attorney fees, arguing that the court failed to make the necessary findings to impose such an order. We agree, vacate the order of reimbursement, and remand for further proceedings.

Cummings pled guilty to attempted aggravated robbery and was sentenced to 31 months' imprisonment. Before imposing the attorney fees, the district court had the following conversation with Cummings and his counsel:

"The Court: AID.

"[Defense Counsel]: Two hundred, but considering the fact that he will not be able to pay that.

"The Court: Can he pay it when he gets out?

"[Defense Counsel]: Judge, I can't predict.

"The Court: The appellate courts say I shall award AID, so you tell me how much you're willing to pay per month after you get out, sir.

"[Defense Counsel]: Judge, once again, I don't know if he is able.

"The Court: I am told by the appellate courts I shall award AID, so I'm trying to figure out. You're going to pay $50 a month?

"[Cummings]: Yes.

"The Court: All right. Good luck to you at the Department of Corrections. All right, sir."

Cummings' sole contention on appeal is that the district court failed to make the requisite findings to support the reimbursement order under K.S.A. 22-4513. Interpretation and application of a statute is a question of law over which we exercise unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

In *State v. Robinson*, 281 Kan. 538, 546, 132 P.3d 934 (2006), our Supreme Court directed sentencing courts, "at the time of the initial assessment" of BIDS attorney fees under K.S.A. 22-4513, to "consider the financial resources of the defendant and the nature

of the burden that payment will impose explicitly, stating on the record how those factors have been weighed in the court's decision." The remedy for a sentencing court's failure to make such explicit findings is to remand to the sentencing court for such findings. 281 Kan. at 548; see *State v. Copes*, 290 Kan. 209, 218, 224 P.3d 571 (2010) (determining that K.S.A. 22-4513[b] applies when the defendant enters into a plea agreement, absent an explicit waiver of the rights granted by the statute).

The State argues on appeal that Cummings is not entitled to relief for a plethora of reasons, all of which have been rejected previously by this court, albeit some contained in unpublished opinions.

First, the State argues that the district court's colloquy with Cummings was sufficient to satisfy the statutory mandate. Under very similar if not virtually identical facts, a panel of our court has rejected this argument. *State v. Knight*, 44 Kan. App. 2d 666, 241 P.3d 120 (2010). The *Knight* panel noted that the district court

"merely asked Knight how much he could pay and when he could start paying it back; it did not inquire into Knight's financial resources. The trial court also did not consider the nature of the burden a reimbursement payment would impose on Knight. Finally, the court did not state how those factors were weighed in coming to the decision to impose a reimbursement payment on Knight." 44 Kan. App. 2d at 687.

In this case, as in *Knight*, the district court erred in ordering Cummings to pay BIDS fees without first making the proper *Robinson* inquiries and findings on the record.

Next, the State argues that if there was error, it was harmless. The State seeks to distinguish this case from *Robinson* by arguing that because Cummings was not granted probation, there was no need to assess the defendant's financial resources after his sentence was served, as this finding would not be binding on the parole board. This court, in unpublished opinions, has specifically rejected this argument. See *State v. Dennis*, No. 101,313, unpublished opinion filed June 11, 2010 (Kan. App.), *rev. denied* Aug. 3, 2010; *State v. Geolas*, No. 97,949, unpublished opinion filed Feb. 1, 2008 (Kan. App.); see also *State v. Frost*, No. 98,433, unpublished opinion filed

July 31, 2009 (Kan. App.), *rev. denied* Sept. 7, 2010 (rejecting argument that *Robinson* did not apply).

Next, the State argues that there was no need to assess Cummings' future financial resources and the nature of the burden imposed because Cummings was sent to prison for 31 months and could not be ordered to pay restitution, citing *State v. Bowers*, 239 Kan. 417, 721 P.2d 268 (1986). This argument was recently rejected by a panel of our court in *Dennis*. There, the State argued harmless error because the defendant went to prison, and therefore the court could not order her to immediately pay restitution. Slip op. at 2. *Dennis* rejected this argument, finding that although *Bowers* states that the defendant in prison cannot be charged with payment of restitution while she is in prison, attorneys fees are not restitution, but are part of the court costs. The panel found that the *Bowers* holding that immediate payment of restitution cannot be required of an incarcerated prisoner in no way affects the well-settled rule of law that upon conviction, a defendant shall be ordered to pay court costs. Slip op. at 2 (citing *State v. DeHerrera*, 251 Kan. 143, 155, 834 P.2d 918 [1992]).

Finally, the State argues that K.S.A. 22-3717, which deals exclusively with parole dispositions, is a more specific statute dealing with the reimbursement of BIDS attorney fees and, therefore, controls over the more general statute, K.S.A. 22-4513. This argument has also been rejected by a panel of this court:

"However, before a more specific statute is deemed to control a general statute, a court must identify a conflict between the statutes. *State v. LaMunyon*, 259 Kan. 54, Syl. ¶ 1, 911 P.2d 151 (1996). Here, there is no conflict between the statutes. K.S.A. 22-3717 (m)(5) merely requires the Kansas Parole Board to include repayment of BIDS attorney fees as a condition of parole or postrelease supervision, unless repayment would be unworkable. This statute is entirely consistent with the mandate of K.S.A. 22-4513, which requires the imposition of BIDS attorney fees as part of sentencing, regardless of whether the defendant is incarcerated or given probation." *State v. Proctor*, No. 97,504, unpublished opinion filed April 18, 2008 (Kan. App.).

We conclude the district court failed to make the requisite findings to impose BIDS attorney fees against Cummings, so we vacate

the reimbursement order and remand for further proceedings in accordance with the mandates of *Robinson.*

Vacated and remanded.