NOT DESIGNATED FOR PUBLICATION

No. 123,305

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

V.

JOHN BRENDAN WRIGHT JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed April 29, 2022. Reversed and remanded with directions.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: John Brendan Wright Jr. appeals from the district court's imposition of Board of Indigents' Defense Services (BIDS) attorney fees at sentencing, arguing the district court failed to properly consider his ability to pay. We agree. The district court failed to make the necessary findings required under K.S.A. 22-4513(b), as explained by our Supreme Court in *State v. Robinson*, 281 Kan. 538, 543-44, 546, 132 P.3d 934 (2006). Accordingly, we reverse the imposition of BIDS attorney fees and remand to the district court to make the necessary findings.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2020, Wright pled guilty to multiple felony crimes and the district court, after granting a downward departure sentence, imposed 27 months' imprisonment with 12 months' postrelease supervision. The district court then assessed BIDS attorney fees after making limited inquiry into Wright's ability to pay. In relevant part, the district court asked: "Are you capable of working, Mr. Wright?" Wright responded, "Yeah I have a list that would hire me right now." The district court then assessed a $100 BIDS application fee and $300 in BIDS attorney fees. But the district court made no specific findings as to Wright's ability to pay or the burdens the BIDS fees would impose. Wright filed a pro se motion for appellate review, which the district court interpreted as a timely notice of appeal and appointed appellate counsel for Wright.

ANALYSIS

*Standard of Review*

The imposition of attorney fees as part of a criminal sentence requires interpretation of K.S.A. 22-4513, which presents a question of law subject to unlimited review. *State v. Stoll*, 312 Kan. 726, 736, 480 P.3d 158 (2021); *Robinson*, 281 Kan. at 539. Appellate courts review the amount of attorney fees imposed for an abuse of discretion *State v. Hernandez*, 292 Kan. 598, 609, 257 P.3d 767 (2011).

*Discussion*

Wright acknowledges he did not object to the imposition of attorney fees at sentencing but correctly cites *Robinson*, which provides the issue can be raised for the first time on appeal. See 281 Kan. at 541, 543-44. The State unpersuasively argues we should not review this issue because it was not raised and ruled on below. However, even

if a preservation exception might apply, our review of an unpreserved issue is generally discretionary. *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

In *Robinson*, our Supreme Court held: "[T]he sentencing court, at the time of initial assessment, must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighted in the court's decision." 281 Kan. at 546. Based on this holding, the district court had a statutory duty to consider Wright's financial circumstances prior to imposing BIDS attorney fees. Accordingly, we see no reason why Wright needed to object when the district court had an independent duty to examine this issue. See 281 Kan. at 543-44. And even assuming our review of this issue is discretionary, we believe it is prudent to do so here because the relevant facts are not in dispute, the issue presents a straightforward question of law, and the matter can be conclusively disposed of without extended discussion.

The State argues *Robinson* was incorrectly decided. However, we are duty-bound to follow Kansas Supreme Court precedent unless there is some indication our Supreme Court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). We observe nothing indicating our Supreme Court is departing from its position in *Robinson*. See *State v. Buck-Schrag*, 312 Kan. 540, 555-56, 477 P.3d 1013 (2020) (continuing to apply *Robinson*). Accordingly, we are unpersuaded by the State's argument on this point.

K.S.A. 22-4513(b) provides, in relevant part: "In determining the amount and method of payment of such [BIDS] sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose." Under the strict direction of *Robinson*, the district court's order appears erroneous as it did not make sufficient inquiry or explicit findings about Wright's ability to pay before imposing BIDS attorney fees. See 281 Kan. at 543-44, 546. The only

3

relevant discussion on the record was Wright's statement he knew of employers who would hire him. However, Wright was sentenced to a term of imprisonment in excess of two years; therefore, Wright's employment prospects following his imprisonment were largely speculative. The mere fact Wright might at some point be able to obtain employment was insufficient for the district court to make a proper determination about his ability to pay because there was no evidence or information presented about his income and expenses. Based on the limited on-record discussion, the district court could not predict with any particular accuracy what Wright's ability to pay would be following his release from prison, and the district court made no findings on this point. The district court failed to make the proper inquiry and explicit findings before ordering Wright to pay BIDS attorney fees. See 281 Kan. at 543-44, 546.

The State also argues any error in the district court's failure to consider Wright's financial circumstances prior to imposing BIDS attorney fees was harmless. The State asserts that a more specific statute applies and, thus, remedies any failure by the district court to make the requisite findings. Specifically, the State points to K.S.A. 2020 Supp. 22-3717(m)(5), which requires the Prisoner Review Board to consider Wright's ability to pay the BIDS attorney fees as ordered by the district court before they are enforced as a condition of postrelease supervision upon his release from prison.

However, the State's argument has been explicitly rejected by several prior panels of this court. See *State v. Cummings*, 45 Kan. App. 2d, 510, 512-13, 247 P.3d 220 (2011); *State v. Dennis*, No. 101,313, 2010 WL 2545642, at *1 (Kan. App. 2010) (unpublished opinion); *State v. Frost*, No. 98,433, 2009 WL 2371007, at *12 (Kan. App. 2009) (unpublished opinion) (rejecting argument as applied to potential parolee); *State v. Geolas*, No. 97,949, 2008 WL 307487, at *1-2 (Kan. App. 2008) (unpublished opinion).

While one panel of this court is free to disagree with another, we see no reason to do so here. See *State v. Fleming*, 308 Kan. 689, 706, 423 P.3d 506 (2018). We also find it

4

troubling the State failed to acknowledge these decisions, much less explain why we should adopt a different position. And without such argument and explanation from the State, we find *Cummings* and the authorities it relied on well-reasoned and persuasive. Although the Prisoner Review Board may be required to make similar findings after the fact, "[t]he fact that the [Prisoner Review Board] may take up this issue later does not obviate the district court's duty under *Robinson*." *Frost*, 2009 WL 2371007, at *12.

Moreover, because the district court's error affected Wright's statutory rights, we can only hold the error harmless if the State persuades us "there is no reasonable probability the error affected the outcome in light of the entire record." *State v. Salary*, 309 Kan. 479, 487, 437 P.3d 953 (2019). Because the State has not acknowledged the considerable body of adverse authority, we find it has not met its burden to convince us any error here was harmless. Accordingly, we reverse the district court's imposition of BIDS attorney fees and remand to the district court to make the explicit findings required by K.S.A. 22-4513(b) and *Robinson* before any such fees may be imposed. See 281 Kan. at 548 (remedy for sentencing court's failure to follow K.S.A. 22-4513 is remand for necessary findings to be made on record); *Cummings*, 45 Kan. App. 2d at 512 (same).

Reversed and remanded with directions.