NOT DESIGNATED FOR PUBLICATION

No. 124,500

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDWARD THOMAS ADAMS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; STEVEN R. EBBERTS, judge. Opinion filed August 5, 2022. Sentence vacated in part and remanded with directions.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., ATCHESON and ISHERWOOD, JJ.


PER CURIAM: Edward Thomas Adams pled no contest to possession of methamphetamine. The district court sentenced him to 40 months in prison, with 12 months of postrelease supervision, and ordered he serve it concurrent with his sentence in another criminal case. The district court also ordered Adams to pay $1,000 to the Board of Indigents' Defense Services (BIDS) to cover a reduced portion of his incurred fees. Although Adams does not appeal from his conviction or sentence, he does appeal from the district court's order that he pay the BIDS fee. Because the district court did not state

1

on the record how it weighed the factors, we vacate the BIDS fee and remand for further proceedings.

FACTS

The State charged Edward Thomas Adams with possession of methamphetamine, possession of paraphernalia, misdemeanor theft, and obstruction of official duty. At that time, Adams was on diversion in another criminal case. On May 19, 2021, the district court held a hearing in which it heard both cases. In this case, Adams entered into a plea agreement with the State in which he agreed to plead no contest to possession of methamphetamine and the State agreed to dismiss the three misdemeanor counts. In the other case, Adams agreed to the stipulated facts that he violated his diversion agreement.

After finding Adams guilty in both cases, the district court set a consolidated sentencing hearing. Prior to sentencing, Adams moved for a dispositional departure sentence. At the sentencing hearing, the district court denied Adams' request for departure and sentenced him to the presumptive 40 months in prison followed by 12 months of postrelease supervision. The district court then addressed court costs and fees in both cases.

Adams told the district court he was a "one third owner of a one million dollar cattle ranch, along with owning Custom Home Designs Construction LLC." He also stated that he did not currently have a job but that he was looking forward to working again if granted probation. The district court found that it would be a manifest hardship upon Adams to assess all costs and fees in these cases. In the diversion case, the district court waived the BIDS attorney fees and application fee.

Turning to this case, the district court noted Adams' connection to the two businesses but noted that his wife controlled both. The district court then found as follows:

"Court costs are assessed in the amount of $193, that includes the $22 surcharge. In 721 there is a fee of $200 for the DNA data base fee, that is assessed. There is a domestic violence assessment fee, that fee is assessed at $100. There is also the BIDS attorney fee and application fee. And I've already made a substantial—or excuse me, a manifest hardship finding, so I'm going to adjust those. And the BIDS attorney fee is going to be $1,000 and the BIDS application fee is $100 versus the $3,216 [in the presentence investigation report] and $100 to be imposed respectively."

Thereafter, Adams timely filed a notice of appeal.

ANALYSIS

A district court's compliance with K.S.A. 22-4513 raises a legal question over which our review is unlimited. *State v. Ayers*, 309 Kan. 162, 163, 432 P.3d 663 (2019). Generally, a party may not raise issues on appeal that were not raised before the district court. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, there are several exceptions to this rule. In particular, we may review pure legal questions that are finally determinative for the first time on appeal in order to serve the ends of justice. *State v. Garcia-Garcia*, 309 Kan. 801, 822, 441 P.3d 52 (2019) (noting BIDS order review is appropriate to serve the ends of justice). Thus, we will review the issue presented on the merits.

K.S.A. 22-4513 governs the imposition of BIDS attorney fees:

"(a) If the defendant is convicted, all expenditures made by the state board of indigents' defense services to provide counsel and other defense services to such defendant or the amount allowed by the board of indigents' defense reimbursement tables

3

as provided in K.S.A. 22-4522, and amendments thereto, whichever is less, shall be taxed against the defendant and shall be enforced as judgments for payment of money in civil cases.

"(b) In determining the amount and method of payment of such sum, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose."

In considering the financial resources of the defendant and the nature of the burden that payment will impose, the Kansas Supreme Court has held that a district court must explicitly state on the record how it weighed the financial resources of the defendant and the nature of the burden that payment of such sum will impose. *State v. Robinson*, 281 Kan. 538, 546, 132 P.3d 934 (2006). If the district court finds that payment of the BIDS fees would impose a manifest hardship on the defendant, it may waive payment of all or part of the amount due. In addition, the district court may modify the method of payment. K.S.A. 22-4513(b).

Our Supreme Court instructs that the remedy for a district court's failure to make explicit findings is to remand the case to the district court. *Robinson*, 281 Kan. at 547-48; see also *State v. Copes*, 290 Kan. 209, 218, 224 P.3d 571 (2010) (determining that K.S.A. 22-4513[b] applies when the defendant enters into a plea agreement, absent an explicit waiver of the rights granted by the statute). Here, there was some discussion on the record about Adams' financial resources, but the district court did not explicitly address Adams' current ability or inability to pay the BIDS fees. Likewise, it did not inquire about the burden—if any—the payment of the BIDS fee would impose. The district court also failed to specify the method of payment.

The State argues that if the district court erred, it was harmless because K.S.A. 2020 Supp. 22-3717(m)(5) requires the Prisoner Review Board to consider a defendant's ability to pay BIDS fees as a condition of postrelease supervision. Nevertheless, several

4

panels of this court have rejected similar arguments. See *State v. Cummings*, 45 Kan. App. 2d 510, 512-13, 247 P.3d 220 (2011); *State v. Wright*, No. 123,305, 2022 WL 1208717, at *2 (Kan. App. 2022) (unpublished opinion); *State v. Dennis*, No. 101,313, 2010 WL 2545642, at *1 (Kan. App. 2010) (unpublished opinion). "Although the Prisoner Review Board may be required to make similar findings after the fact, '[t]he fact that the [Prisoner Review Board] may take up this issue later does not obviate the district court's duty under *Robinson*.'" *Wright*, 2022 WL 1280717, at *2 (quoting *State v. Frost*, No. 98,433, 2009 WL 2371007, at *12 [Kan. App. 2009] [unpublished opinion]). While one panel of our court is free to disagree with another, it is appropriate to follow well-reasoned opinions from other panels for the sake of consistency.

Although the State evidently believes that *Robinson* was wrongly decided, we are duty-bound to follow Kansas Supreme Court precedent, absent some indication the court intends to stray from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). At this point in time, we are aware of no cases in which our Supreme Court has backed away from the position it took in *Robinson*. As such, we find it to still be good law. See *State v. Buck-Schrag*, 312 Kan. 540, 556, 477 P.3d 1013 (2020). Although *Robinson* involved a defendant ordered to pay BIDS fees as a condition of probation, its holding has also been applied to defendants who have been ordered to serve time. See *Buck-Schrag*, 312 Kan. at 556; *Garcia-Garcia*, 309 Kan. at 804.

Here, the district court made a "manifest hardship" finding and reduced the proposed BIDS reimbursement to $1,000. Although the district court noted Adams' statement that he had an interest in two businesses, it found that Adams' wife had control over both companies at that time. The district court then stated, "So because you are going to be serving a sentence in this case, you will have limited opportunity for income, but you will have some opportunity for income."

5

Even though the district court made some inquiry into Adams' financial situation, we find it to be insufficient to satisfy *Robinson's* directive to explicitly consider both a defendant's financial resources and the nature of the burden of paying. The district court also failed to determine a method of payment as required by K.S.A. 22-4513(b). Thus, based on *Robinson*, we vacate the district court's order relating to the BIDS fee assessment and remand this matter for consideration of Adams' financial resources, the nature of the burden that payment of the fees will impose, and the method of payment.

Sentence vacated in part and remanded with directions.