NOT DESIGNATED FOR PUBLICATION

No. 128,204

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFERY ALLEN WILDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Washington District Court; KIM W. CUDNEY, judge. Submitted without oral argument. Opinion filed December 12, 2025. Vacated and remanded with directions.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., BRUNS and COBLE, JJ.

PER CURIAM: Jeffery Allen Wilder appeals from the district court's order requiring him to reimburse the Board of Indigents' Defense Services (BIDS) for attorney fees in the amount of $825. On appeal, Wilder contends that the district court required reimbursement of those fees without first explicitly considering his financial resources and the burden such payment would impose as required by K.S.A. 22-4513(b). See *State v. Robinson*, 281 Kan. 538, Syl. ¶ 1, 132 P.3d 934 (2006). Our review of the record confirms that the district court failed to comply with the requirements of K.S.A. 22-

1

4513(b). Thus, we vacate the district court's order regarding reimbursement to BIDS and remand this issue for further consideration.

FACTS

Material to the limited issue presented on appeal, the district court ordered Wilder to reimburse BIDS for his attorney fees after he was convicted of residential burglary. In a financial affidavit, Wilder stated that his expenses were about $281 a month. The affidavit also indicated that he had been unemployed for one month. The presentence investigation report indicated that Wilder had no dependents.

The district court sentenced Wilder to 27 months' imprisonment followed by 12 months of postrelease supervision. At the sentencing hearing, the district court inquired about Wilder's ability to work and whether he was "financially responsible" for anyone other than himself. However, the district court did not inquire further into Wilder's financial situation, assets, or liabilities.

Specifically, the district court conducted the following colloquy with Wilder:

"[THE COURT]: . . . So what kind of work have you been doing?

"[THE DEFENDANT]: I been looking for work. Uh, I worked at Wal-Mart before. Uh, Dollar Store. Uh, co-ops. Uh, dishwasher.

"[THE COURT]: All right. So you don't have any type of disability that prevents you from working; is that correct?

"[THE DEFENDANT]: Mm, not unless a doctor says about this, uh, frostbite.

"[THE COURT]: And is there any reason that you should not be required to pay the State of Kansas for your court-appointed attorney fees?

"[THE DEFENDANT]: No, I was going, uh, go ahead and—uh, try to get on some type of disability just in case I can't work right away.

"And that way I have something coming in to pay for this stuff.

"[THE COURT]: All right. The Court—

"[THE DEFENDANT]: Also getting (inaudible).

"[THE COURT]: —the Court considers your income and expenses, your ability to earn income.

"Are you financially responsible for anyone else?

"[THE DEFENDANT]: No.

"[THE COURT]: The Court assesses to you $825 for your court-appointed attorney's fees."

Thereafter, Wilder filed a timely notice of appeal.

ANALYSIS

The sole issue presented on appeal is whether the district court failed to explicitly consider his financial resources and the burden the payment would impose—as required by K.S.A. 22-4513(b)—before ordering him to reimburse the BIDS attorney fees. In response, the State contends that the issue is moot because Wilder was placed on postrelease supervision. In the alternative, the State contends that the district court properly considered Wilder's financial situation before requiring reimbursement of the BIDS attorney fees.

*Mootness*

At the outset, we will address the State's contention that the issue presented on appeal is moot. The State argues that this issue is moot because Wilder has completed his prison sentence and been released to postrelease supervision. The State directs us to K.S.A. 2024 Supp. 22-3717(m)(14), which requires the Prisoner Review Board to consider a prisoner's financial resources and the burden that reimbursement of BIDS attorney fees would impose before ordering the inmate to pay such fees. In other words, the State suggests that "because the amount and method of payment of the [attorney fees] has subsequently been redetermined by the prisoner review board," the issue is now moot.

3

Nevertheless, we cannot determine from the record on appeal whether this issue is moot. Although the State filed a "Notice of Change in Custodial Status" under Supreme Court Rule 2.042 (2025 Kan. S. Ct. R. at 18), this notice merely informs us that Wilder has completed his prison sentence and is now serving postrelease supervision. It does not indicate that the Prisoner Review Board complied with its statutory duty under K.S.A. 2024 Supp. 22-3717(m)(14). In addition, the obligation to pay those fees does not end when inmates complete the prison portion of their sentences. Rather, the obligation to reimburse BIDS attorney fees follows the defendant upon their release onto parole or postrelease supervision. K.S.A. 22-3717(m)(14); see *State v. Cummings*, 45 Kan. App. 2d 510, 513, 247 P.3d 220 (2011). Accordingly, we cannot determine from the record on appeal that the issue is moot.

In addition, we recognize that other panels of our court have found that the Prisoner Review Board's duty to inquire into an inmate's financial resources and the burden that reimbursement of the BIDS fees may impose before ordering payment does not relieve the district court of its independent obligation under K.S.A. 22-4513(b). See *Cummings*, 45 Kan. App. 2d at 511-13; *State v. Kennemer*, No. 126,892, 2025 WL 500764, at *3 (Kan. App. 2025) (unpublished opinion); *State v. Wright*, No. 123,305, 2022 WL 1280717, at *2 (Kan. App. 2022) (unpublished opinion); *State v. Dennis*, No. 101,313, 2010 WL 2545642, at *1 (Kan. App. 2010) (unpublished opinion). Although the State points to "significant amendments" made to K.S.A. 22-3717 in 2024 in its brief, we note the substance of the statute requiring the Prisoner Review Board to make a financial inquiry remains the same. See L. 2024, ch. 96, § 10. Consequently, we find the prior opinions of this court persuasive and conclude that the State has failed to carry its burden to show that the issue presented on appeal is moot.

*Reimbursement of BIDS Fees*

Under K.S.A. 22-4513(a), a defendant who is represented by appointed counsel and convicted of a felony is required to reimburse BIDS for some or all of the attorney fees incurred. At sentencing, the district court is required to inquire about the defendant's financial obligations, earning capacity, and other factors related to their ability to reimburse BIDS. See K.S.A. 22-4513(b); *Robinson*, 281 Kan. 538, Syl. ¶ 1. In an appeal from an order requiring reimbursement, our review is unlimited. *State v. Buck-Schrag*, 312 Kan. 540, 555, 477 P.3d 1013 (2020).

When assessing the amount and method of payment of these fees, the district court must consider "the financial resources of the defendant and the nature of the burden that payment of such sum will impose." K.S.A. 22-4513(b). Then, the district court must explicitly state how it has weighed those factors in reaching its decision. 281 Kan. at 546.

This explicit consideration preserves the possibility of "meaningful appellate review." 281 Kan. at 546. If the district court finds that payment of the fees will impose a manifest hardship on the defendant or the defendant's immediate family, it may waive payment of all or part of the fees or modify the method of payment. K.S.A. 22-4513(b). Here, the district court properly inquired about Wilder's employment situation, his ability to work, and whether he was financially responsible for anyone else. In addition, the district court asked: "[I]s there any reason that you should not be required to pay the State of Kansas for your court-appointed attorney fees?" But the district court made no further inquiry into Wilder's financial resources or his liabilities. Likewise, the district court did not explicitly state on the record how it weighed the factors before ordering reimbursement of the BIDS fees.

The Kansas Supreme Court has found that a district court's duty under K.S.A. 22-4513(b) is not satisfied when its inquiry is limited to the defendant's ability to work

without also inquiring about other financial resources or the burden that reimbursement would cause. *State v. Wade*, 295 Kan. 916, 927, 287 P.3d 237 (2012). Similarly, this court has found that merely asking a defendant how much they are able to pay for BIDS fees does not satisfy K.S.A. 22-4513(b). *Cummings*, 45 Kan. App. 2d at 512. In the present case, the district court did make a more substantial inquiry than those made in *Wade* or *Cummings*. Still, the district court did not inquire into other financial resources that may be available to Wilder or about the potential burden that reimbursement of the BIDS fees might cause. The district court also required reimbursement without explicitly stating on the record how those factors weighed in its decision.

In summary, we conclude that the State has failed to show that the issue presented on appeal is moot. We further conclude that the district court ordered reimbursement of BIDS attorney fees without sufficiently complying with the statutory requirements set forth in K.S.A. 22-4513(b). As a result, we vacate the order requiring Wilder to reimburse BIDS for attorney fees and remand this question to the district court for further consideration.

Vacated and remanded with directions.