IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 128,139

STATE OF KANSAS,
*Appellee*,

v.

THOMAS GATEWOOD,
*Appellant.*

SYLLABUS BY THE COURT

1.

When a criminal defendant objects to his or her criminal history score before sentencing, the State has the burden to prove the disputed portion by a preponderance of the evidence.

2.

When the district court finds that the State met its burden to prove the disputed portion of a defendant's criminal history score, appellate courts review that finding for substantial competent evidence.

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Oral argument held October 30, 2025. Opinion filed January 16, 2026. Affirmed.

*Emily Brandt*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, were with him on the brief for appellee.

1

The opinion of the court was delivered by

WALL, J.: Thomas Gatewood pleaded no contest to nine felony offenses, including felony murder and kidnapping. But in this direct appeal, Gatewood challenges only his sentence and several court-imposed fees.

First, Gatewood challenges the district court's decision to classify his prior Oklahoma child-abuse conviction as a person felony. This decision elevated Gatewood's criminal-history score to a B, subjecting him to a longer sentence. But there are two versions of child abuse under the Oklahoma statute. The State proved at sentencing that Gatewood was convicted of the injuring-torturing-or-maiming version of child abuse. And the elements of that version of the crime included bodily injury and necessarily proved the presence of another—the child victim. When either of those circumstances exists, Kansas' sentencing scheme requires the district court to classify the out-of-state crime as a person felony. So we affirm Gatewood's sentence.

Second, Gatewood challenges some of the court-imposed fees. But he failed to preserve these objections for appeal by raising them in the district court. And under the circumstances, we decline to exercise our prudential authority to reach the merits. We thus affirm the district court's judgment imposing fees.

FACTS AND PROCEDURAL BACKGROUND

Gatewood pleaded no contest to one count of first-degree felony murder; two counts of aggravated kidnapping; three counts of aggravated battery; two counts of aggravated endangering a child; and one count of aggravated intimidation of a witness.

At the plea hearing, the district court ordered a presentence investigation (PSI) report. The PSI indicated that Gatewood had a criminal-history score of B. That score was based in part on the PSI classifying Gatewood's 2010 Oklahoma child-abuse conviction as a person felony.

Gatewood objected to the classification. He argued that the out-of-state offense was broader than any of the person-felony characteristics listed in K.S.A. 21-6811(e)(3)(B)(i). So he believed that the conviction should be classified as a nonperson crime when calculating his criminal-history score.

The State argued that Gatewood's Oklahoma child-abuse conviction was properly classified as a person felony because the elements of the out-of-state offense required proof of the circumstances in K.S.A. 21-6811(e)(3)(B)(i)(b) ("threatening or causing fear of bodily or physical harm or violence, causing terror, physically intimidating or harassing any person"); K.S.A. 21-6811(e)(3)(B)(i)(c) ("bodily harm or injury, physical neglect or abuse, restraint, confinement or touching of any person, without regard to degree"); and K.S.A. 21-6811(e)(3)(B)(i)(d) ("the presence of a person, other than the defendant"). The State also argued that the offense necessarily proved the presence of a person during the commission of the offense, so it should be classified as a person felony under K.S.A. 21-6811(e)(3)(B)(ii).

At sentencing, the State produced the journal entry of judgment for Gatewood's Oklahoma child-abuse conviction. That journal entry showed Gatewood pled guilty to "Child Abuse by Injury" under "10 O.S. § 7115(A)" in 2009.

The district court ruled that Gatewood's Oklahoma child-abuse conviction was properly classified as a person felony. And it found that Gatewood's criminal-history score was a B. Based on that criminal-history score, the court sentenced Gatewood to life

imprisonment without the possibility of parole for 615 months for his first-degree felony-murder conviction. See K.S.A. 21-6620(b)(2) (providing that when defendant's criminal-history score would result in presumptive imprisonment range exceeding 25 years for severity level 1 crime, mandatory minimum must match that range). It also imposed a consecutive 228-month prison term for one of his kidnapping convictions. The court ran Gatewood's other sentences concurrent.

The district court also ordered Gatewood to pay several fees, including a forensic services fee of $3,600, a Children's Advocacy Center assessment fee of $3,600, and a fee of $725 for a sexual assault evidence collection kit.

Before turning to Gatewood's issues, we have an independent duty to examine our jurisdiction. We do so in three steps. First, we clarify why our court is the proper jurisdictional forum. Second, we explain why our court has subject-matter jurisdiction over Gatewood's sentencing appeal. Finally, we explain why our court has subject-matter jurisdiction over the fee disputes.

First, as to the forum, Gatewood appealed directly to our court. This is the proper appellate forum because Gatewood received a life sentence and was convicted of an "off-grid" crime, meaning his sentence for that crime was not imposed under the grids that set out the presumptive sentences for most felonies. In those circumstances, Kansas law provides for an appeal directly to the Supreme Court. See K.S.A. 22-3601(b)(3)-(4).

Second, we have subject-matter jurisdiction over Gatewood's sentencing appeal. We recognize that Gatewood pleaded no contest. And defendants cannot appeal a judgment of conviction after pleading guilty or no contest. See K.S.A. 22-3602(a) ("No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere."). But Gatewood doesn't challenge his

4

conviction on appeal, only his sentence. See *State v. Smith*, 311 Kan. 109, 119, 456 P.3d 1004 (2020) (K.S.A. 22-3602 does not prevent defendants who plead guilty or no contest from appealing sentence).

We also recognize that Gatewood received presumptive sentences for all his convictions except for the felony murder conviction. And appellate courts typically lack jurisdiction to review presumptive sentences. See K.S.A. 21-6820(c)(1). But Gatewood argues that those sentences are illegal because the district court did not properly classify his Oklahoma child-abuse conviction. See *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016) ("[W]here there has been a misclassification of a prior conviction, the resulting sentence is illegal."); see also K.S.A. 22-3504 (defining illegal sentence). And the statute barring appellate review of presumptive sentences does not apply to illegal-sentence claims. *State v. McMillan*, 319 Kan. 239, 246-47, 553 P.3d 296 (2024). Thus, we have jurisdiction over Gatewood's sentencing challenge.

Finally, we consider our jurisdiction over Gatewood's appeal from the district court's order requiring him to pay several fees. Fees are not part of a defendant's sentence. See *State v. Phillips*, 289 Kan. 28, 34-39, 210 P.3d 93 (2009). Nor are they part of the conviction. Rather, they are a "judgment . . . decision . . . or intermediate order made in the progress of the case." K.S.A. 22-3602(a). So we have jurisdiction to review the court-imposed fees even though Gatewood entered a no-contest plea. See *State v. Marinelli*, 307 Kan. 768, 787-88, 415 P.3d 405 (2018) (K.S.A. 22-3602[a] gave the appellate court jurisdiction to hear challenge to order requiring defendant register as a violent offender after guilty plea); *State v. Gifford*, No. 126,177, 2024 WL 5001745, at *2-3 (Kan. App. 2024) (unpublished opinion) (Court of Appeals had jurisdiction over appeal of KBI lab fees imposed after guilty plea).

We heard oral argument on October 30, 2025.

5

Gatewood raises two issues on appeal. First, he believes that the district court improperly classified his prior Oklahoma conviction as a person felony, rendering his sentence illegal. Second, he challenges several statutory fees that the court imposed as costs. We address each issue in turn.

I. *The district court properly classified Gatewood's Oklahoma child-abuse conviction as a person felony for sentencing purposes.*

Gatewood renews his challenge to the district court's ruling that classified his Oklahoma child-abuse conviction as a person felony. He insists the elements of Oklahoma child abuse are broader than any of the person-felony circumstances listed in K.S.A. 21-6811(e)(3)(B)(i) and (ii). And because the elements of the out-of-state offense do not require proof of those circumstances, Gatewood believes that his prior conviction must be classified as a nonperson felony. See K.S.A. 21-6811(e)(3)(B)(iii).

The State responds that the Oklahoma child-abuse statute creates two versions of the offense. And it proved that Gatewood was convicted of a version that requires bodily harm or injury and the presence of another person. See K.S.A. 21-6811(e)(3)(B)(i)(c) and (d); K.S.A. 21-6811(e)(3)(B)(ii). Thus, the State believes that the district court properly classified the conviction as a person felony.

To resolve this issue, we first identify the standard of review and the legal framework for classifying prior convictions under the Kansas Sentencing Guidelines Act (KSGA). We then look to the elements of the Oklahoma child-abuse statute and confirm that a version of that offense is properly classified as a person felony. Finally, we examine the sentencing evidence and conclude that the State met its burden to prove that Gatewood was convicted of that version of the offense.

6

A. *Our review is guided by several standards, and the KSGA provides the legal framework for analyzing the merits of Gatewood's sentencing challenge.*

To properly frame the issues, we start with the standards guiding the scope of our review on appeal. Then, we explain the KSGA's legal framework for classifying out-of-state convictions for criminal-history purposes.

First, our standard of review is influenced by the nature of Gatewood's sentencing challenge. He argues that the district court misapplied the KSGA when calculating his criminal history score, rendering his sentence illegal. When interpreting the KSGA or reviewing a conclusion about the legality of a sentence, our review is unlimited. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). But the district court's findings are owed more deference.

Here, Gatewood objected to his criminal-history score prior to sentencing. So the State had the burden to prove by a preponderance of the evidence that Gatewood's Oklahoma child-abuse conviction should be classified as a person felony. See K.S.A. 21-6814(c); *State v. Corby*, 314 Kan. 794, 797, 502 P.3d 111 (2022). The preponderance-of-the evidence standard means that the State had to show a fact is more probably true than not. *In re B.D.-Y.*, 286 Kan. 686, 691, 187 P.3d 594 (2008).

When the district court finds that the State met its burden to prove the disputed portion of a defendant's criminal history score, appellate courts review that finding for substantial competent evidence. *Corby*, 314 Kan. at 796. "Substantial competent evidence is relevant evidence that a reasonable person might accept as supporting a conclusion." *Granados v. Wilson*, 317 Kan. 34, 41, 523 P.3d 501 (2023).

7

Second, the KSGA provides the controlling legal framework for our review. It creates a presumptive sentencing range for most felonies based on two factors: the severity level of the crime committed and the defendant's criminal-history score. See K.S.A. 21-6804. Gatewood's appeal focuses on the latter.

The court calculates a criminal-history score by identifying and classifying a defendant's prior convictions. The court classifies those prior convictions as either (1) a misdemeanor or a felony, and (2) a person or a nonperson crime.

The process is straightforward when applied to in-state convictions. Kansas statutes specify whether the crime committed is a misdemeanor or a felony and whether it is a person or a nonperson crime. But the judge's task is more complicated when a defendant has prior out-of-state convictions. While other jurisdictions classify crimes as misdemeanors or felonies, they don't consistently classify them as person or nonperson offenses. The KSGA fills that gap. It offers two frameworks for classifying an out-of-state offense as a person or nonperson crime—one for misdemeanors and another for felonies. See K.S.A. 21-6811(e)(3)(A), (B).

Here, the parties agree that Gatewood's Oklahoma child-abuse conviction should be classified as a felony. So we focus on the KSGA's framework for classifying out-of-state felonies as person or nonperson offenses.

Under K.S.A. 21-6811(e)(3)(B), an out-of-state felony conviction shall be classified as a person felony if one or more of eight listed person-felony characteristics is present in the elements of the out-of-state offense. K.S.A. 21-6811(e)(3)(B)(i). Relevant here, those circumstances include:

> "(b) threatening or causing fear of bodily or physical harm or violence, causing terror, physically intimidating or harassing any person;

"(c) bodily harm or injury, physical neglect or abuse, restraint, confinement or touching of any person, without regard to degree;

"(d) the presence of a person, other than the defendant, a charged accomplice or another person with whom the defendant is engaged in the sale, distribution or transfer of a controlled substance or non-controlled substance." K.S.A. 21-6811(e)(3)(B)(i).

Likewise, an out-of-state felony conviction shall be classified as a person felony if the elements of the out-of-state offense necessarily prove that a person other than the defendant was present during the commission of the offense. K.S.A. 21-6811(e)(3)(B)(ii).

B. *The Oklahoma child-abuse statute is divisible, and one version of the offense is properly classified as a person felony.*

When classifying an out-of-state felony, K.S.A. 21-6811(e)(3)(B) makes clear that the focus is on the elements of the out-of-state offense. And if those elements include any listed person-felony characteristics, then the court classifies it as such. So we begin our analysis by considering the elements of Gatewood's crime of conviction.

Gatewood's PSI says that he was convicted of "Child Abuse By Injury" under "10 O.S. § 7115(A)." And the State introduced Oklahoma court records showing that the offense was committed in March 2009. At that time, the Oklahoma child-abuse statute defined the crime as follows:

"Any parent or other person who shall willfully or maliciously engage in child abuse shall, upon conviction, be guilty of a felony . . . . As used in this subsection, 'child abuse' means the willful or malicious abuse, as defined by paragraph 1 of subsection B of Section 7102 of this title, of a child under eighteen (18) years of age by another, or the act of willfully or maliciously injuring, torturing or maiming a child under eighteen (18) years of age by another." Okla. Stat. tit. 10, § 7115(A) (2008).

9

Okla. Stat. tit. 10, § 7102(B)(1) (2008), referenced in the above statute, defines "abuse" as "harm or threatened harm to a child's health, safety or welfare by a person responsible for the child's health, safety or welfare, including sexual abuse and sexual exploitation." And it defines "'[h]arm or threatened harm to a child's health or safety'" to include:

"a. nonaccidental physical or mental injury,

"b. sexual abuse,

"c. sexual exploitation,

"d. neglect,

"e. failure or omission to provide protection from harm or threatened harm, or

"f. abandonment[.]" Okla. Stat. tit. 10, § 7102(B)(2) (2008).

Gatewood's challenge focuses on the definition of "abuse" in Okla. Stat. tit. 10, § 7102(B) (2008). He claims that Oklahoma's definition of "abuse" does not require any of the statutory characteristics of a person felony listed in K.S.A. 21-6811(e)(3)(B)(i) and (ii). For instance, Gatewood says that Oklahoma's definition of "abuse" includes "threatened harm." And a threat can be made outside the presence of another person. See K.S.A. 21-6811(e)(3)(B)(ii); see also K.S.A. 21-6811(e)(3)(B)(i)(d). He also argues that Oklahoma's definition of abuse includes both physical and mental injury. See Okla. Stat. tit. 10, § 7102(B)(2)(a) (2008). But Kansas' person-felony classification statute is limited to threatened or actual bodily harm. See K.S.A. 21-6811(e)(3)(B)(i)(b), (c).

The State argues that the Oklahoma child-abuse statute is "divisible." That is, it believes the statute provides two different ways to commit the crime—each version containing its own elements. According to the State, the first version criminalizes willful and malicious "abuse" as defined in Okla. Stat. tit. 10, § 7102(B)(1) (2008). The second

version defines child abuse as willfully or maliciously injuring, torturing, or maiming a child. According to the State, the latter version has two statutory characteristics of a Kansas person felony—bodily harm and the presence of another person.

In support of its divisibility theory, the State cites *Mitchell v. State*, 120 P.3d 1196 (Okla. Crim. App. 2005). There, the Oklahoma Court of Criminal Appeals said that Oklahoma's pattern jury instruction on child abuse "contain[] two alternatives, depending upon whether the person is charged with child abuse as it is defined by 10 O.S.Supp.2002, § 7115(A) or § 7102(B)(1)." 120 P.3d at 1213. One version of the instruction requires the jury to find the defendant injured, tortured, or maimed a child. See 120 P.3d at 1213 n.15. And the other version "is intended for use in cases of willful or malicious abuse charged under 10 O.S.Supp.2002, §§ 7115(A), 7102(B)(1)." 120 P.3d at 1213 n.16.

Based on the statutory text and the Oklahoma authority discussing it, we agree that the Oklahoma child-abuse statute provides two versions of the offense—each with distinct elements. See also *Leyva v. United States*, No. CR-02-83-RAW, 2017 WL 1025863, at *3 (E.D. Okla. 2017) (finding 1998 version of Oklahoma child abuse statute "contains alternative elements creating different crimes"). Under one version, the State must show that the defendant engaged in "abuse" as that term is defined in Okla. Stat. tit. 10, § 7102(B)(1) (2008). The other version requires the State prove that a defendant injured, tortured, or maimed a child. See Okla. Stat. tit. 10, § 7115(A) (2008).

In short, "willfully or maliciously injuring, torturing, or maiming a child" is an alternate version of child abuse in Oklahoma. See Okla. Stat. tit. 10, § 7115(A) (2008). Under that version, "injuring" means bodily injury. This is apparent when "injuring" is read together and in harmony with the other abusive conduct that this version of the crime prohibits—"torturing" and "maiming." See Merriam-Webster Online Dictionary

11

(defining "torture" to mean "the infliction of intense pain [as from burning, crushing, or wounding] to punish, coerce, or afford sadistic pleasure" and "maim" to mean "to mutilate, disfigure or wound seriously").

Thus, the elements of that version of Oklahoma child abuse include two statutory characteristics of a person felony. First, the elements require bodily harm or injury. K.S.A. 21-6811(e)(3)(B)(i)(c). And they necessarily prove that a person other than the defendant was present during the commission of the offense—the child victim. See K.S.A. 21-6811(e)(3)(B)(ii).

   C.  *The State presented substantial competent evidence that Gatewood was convicted of a version of child abuse that is properly classified as a person felony.*

Having confirmed that at least one version of the Oklahoma child-abuse statute is properly classified as a person felony in Kansas, we must decide whether Gatewood was convicted of that version of the offense. We hold that the State met its burden to prove that Gatewood was convicted of "willfully or maliciously injuring a child."

At sentencing, the State introduced the journal entry of judgment for Gatewood's Oklahoma child-abuse conviction. It states that Gatewood pled guilty to one count of "Child Abuse by Injury." In the "Statutory Reference" section for that count, the journal entry references only Okla. Stat. tit. 10, § 7115(A). It does not reference Okla. Stat. tit. 10, § 7102(B)(1).

Only one version of child abuse in Okla. Stat. tit. 10, § 7115(A) (2008) matches the journal entry's description of the crime as "Child Abuse by Injury." By expressly including the word "injury," the journal entry refers to the injuring-torturing-or-maiming version of child abuse. The other version of Oklahoma child abuse does not explicitly reference "injury" in the statutory text. It mentions only "abuse," as defined in a separate

12

statute, Okla. Stat. tit. 10, § 7102(B) (2008). Granted, that separate statute defines "abuse" to include "injury." But the journal entry of judgment does not cite Okla. Stat. tit. 10, § 7102(B) in the "Statutory Reference" section.

From this evidence, a reasonable person could conclude it is more probably true than not that Gatewood was convicted of Oklahoma child abuse based on the elements of "willfully or maliciously injuring, torturing or maiming a child." Okla. Stat. tit. 10, § 7115(A) (2008). And those elements include bodily harm or injury, which requires the court to classify the out-of-state crime as a person felony. See K.S.A. 21-6811(e)(3)(B)(i)(c). These elements also necessarily prove the presence of another person—the child victim. See K.S.A. 21-6811(e)(3)(B)(ii). Thus, substantial competent evidence supports the district court's decision to classify Gatewood's child-abuse conviction as a person felony. And we affirm Gatewood's sentence.

Given this holding, we need not decide whether the other version of Oklahoma child abuse, "abuse" as defined in Okla. Stat. tit. 10, § 7102(B)(1) (2008), is properly classified as a person felony. And we decline to reach the merits of that issue.

II. *Gatewood failed to preserve his challenges to the court-imposed fees, and under the circumstances we decline to invoke a preservation exception to reach those issues for the first time on appeal.*

The district court ordered Gatewood to pay several fees, including a forensic services fee under K.S.A. 28-176(a)(5) of $400 per offense, for a total of $3,600; a Children's Advocacy Center assessment fee under K.S.A. 20-370 of $400 per offense, for a total of $3,600; and a sexual assault kit/exam fee of $725.

Gatewood challenges each of these fees on separate grounds. But the State raises preservation concerns because Gatewood didn't object in district court.

13

A. *Gatewood failed to properly preserve his fee challenges by raising them before the district court.*

Generally, issues not raised before the district court cannot be raised on appeal. *In re N.E.*, 316 Kan. 391, 407, 516 P.3d 586 (2022). Gatewood concedes that he didn't object to the fees before the district court. But he says that the preservation rule doesn't apply because the district court didn't itemize the applicable fees at sentencing. Thus, he had no opportunity to object. See K.S.A. 22-3417 ("[I]f a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him."). The record suggests otherwise.

Gatewood signed the plea agreement in March 2024. That agreement said the State would ask the district court to order an "ICAC fee" under K.S.A. 28-176(a)(5) of $400 per offense; a "Children's Advocacy Fee" under K.S.A. 20-370 of $400 per offense; and a "Sexual Assault Kit Exam Fee" of $725. And at Gatewood's plea hearing later that month, the State recited the fees that it would request at sentencing.

Gatewood's PSI report was filed in April 2024. The report's "Current Offense Information" stated that Gatewood owed $3,600 to "ICAC"; $3,600 for "Children's Advocacy Fee"; and $725 for "Sexual Assault Kit Exam Fee."

At the July sentencing hearing, the State asked for "costs that are written in the plea agreement." The district court did not itemize the fees it was imposing as costs. The judge said that Gatewood would be "statutorily responsible for the court costs." But the journal entry of judgment itemized the court-imposed fees Gatewood now challenges.

Months before sentencing, Gatewood knew that the State would request these fees. And the State consistently renewed its fee requests at each hearing. Yet Gatewood didn't object to the State's pursuit of these fees at the plea hearing. He didn't object to the PSI

14

report that included an itemized list of the fees. He didn't object at sentencing when the State requested these fees. Nor did he object to the form or content of the journal entry of judgment before the district court entered it. Thus, we reject Gatewood's claim that he could not object to the court-imposed fees.

B. *We decline to reach the merits under an exception to our preservation rule.*

Of course, our preservation rule is prudential. *In re N.E.*, 316 Kan. at 407. If a party shows that an established exception to the preservation rule applies to the issue, then we have discretion to reach the merits. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021).

Gatewood argues that an exception applies to his fee challenges. He says that each presents a question of law, arising from proved or admitted facts, that are finally determinative of the case. See *State v. Green*, 320 Kan. 539, 546, 570 P.3d 1189 (2025). But there are lingering questions about whether this exception applies.

First, at least one fee challenge seems to present a fact question. Gatewood argues that he cannot be ordered to pay the forensic-services fee under K.S.A. 28-176(a)(5) because the record does not show that any forensic-computer-science services were provided in the investigation. But whether such services were provided appears to be a fact question that should have been addressed by the district court. Second, we question whether any of these challenges are "'finally determinative of the case.'" *Green*, 320 Kan. at 545. We haven't definitively resolved the meaning of that phrase. But some authorities suggest that the issue must resolve the entire appeal for the exception to apply. See, e.g., *In re D.J.*, 321 Kan. 75, 81, 573 P.3d 255 (2025) ("We apply these exceptions to reach his issue because it is indeed a question of law and, if he is correct, it could settle the appeal."); *State v. Copes*, 290 Kan. 209, 213, 224 P.3d 571 (2010) ("Because a question of law is presented and that question is determinative of the appellate issues [and hence

15

the case], we are able to consider Copes' argument even though she did not raise the issues before the district court."). And Gatewood's discreet challenges to three of the court-imposed fees wouldn't resolve the entire appeal.

Regardless, assuming without deciding that the preservation exception applies, principles of equity counsel against us relying on it to reach the merits. Gatewood and the State negotiated a plea agreement in which both parties received certain benefits. As part of the agreement, the State dismissed several charges against Gatewood. And it reserved the right to request certain fees at sentencing. At the sentencing hearing, the State asked the court to impose those fees. And Gatewood never objected. So the State had no reason to develop the record or its arguments supporting these fees.

Relying on a preservation exception to reach the merits here could create improper incentives. It could encourage similarly situated defendants to keep their powder dry— that is, give the State certain concessions to make sentencing arguments during negotiations, then ignore the preservation rule at sentencing, but object to the State's sentencing arguments on appeal. This would give defendants a chance to enrich the benefit of their bargain while depriving the State of the opportunity to fully develop its negotiated position. So we decline to reach the merits of Gatewood's unpreserved challenges to the court-imposed fees.

Affirmed.

LUCKERT, J., not participating.

16